STEVEN RAFFAELE (*pro hac vice*)
SARAH G. PASSERI (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone 212.513.3200
Facsimile 212.385.9010
E-mail: steven.raffaele@hklaw.com
      sarah.passeri@hklaw.com

SHELLEY G. HURWITZ (SBN 217566)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone 213.896.2400
Facsimile 213.896.2450
E-mail: shelley.hurwitz@hklaw.com

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION,
a Delaware corporation

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| MICHELLE HILL; ARIEL EPSTEIN POLLACK, <br><br> Plaintiffs, <br><br> vs. <br><br> JETBLUE AIRWAYS CORPORATION, <br><br> Defendant. | No. 2:17-cv-01604-WBS-DB <br><br> **STIPULATED PROTECTIVE ORDER** |

# STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, Plaintiffs MICHELLE POLLACK and ARIEL EPSTEIN, and Defendant JETBLUE AIRWAYS CORPORATION, by their undersigned counsel, that the following procedures shall govern the production and exchange of all Confidential documents, testimony, interrogatories and other information produced, given or exchanged in the course of the above-entitled action (the "Action"). Nothing in this Protective Order shall be deemed to waive any right a person otherwise might have to obtain information, to oppose production of documents or information on any ground, or to object to the introduction of evidence on any ground. In addition, nothing in this Protective Order shall be deemed to authorize or preclude the disclosure of Sensitive Security Information ("SSI") in any form, including, but not limited to, documents and oral testimony.

1. For the purposes of the Protective Order,

    (a) The term "document" includes, without limitation, (i) interrogatory answers, (ii) requests to admit and responses thereto, (iii) documents produced by any party or non-party in the Action, (iv) deposition transcripts and exhibits, (v) any portion of any papers, including Court papers, that quote from or summarize any of the foregoing, and (vi) audio recordings. Without limitation, the term "document(s)" includes all originals (or copies if the original is unavailable), non-identical copies, drafts and revisions.

    (b) The term "person" means any party, individual, or entity.

2. Any person subject to discovery in the Action ("Producing Party") may, in good faith, designate non-public business, financial, trade secret, or proprietary information, or confidential research, development, personal or commercial and personal information as "Confidential" (by stamping the relevant pages or otherwise) thus rendering that document subject to protection. Documents designated as

"Confidential," the information contained therein, and any notes or other documents quoting from or summarizing such materials are hereinafter referred to as "Confidential Information."

3. A Producing Party shall designate for confidential treatment only documents, items or information which the Producing Party believes in good faith contain material constituting any non-public business, financial, trade secret, proprietary information, confidential research, or medical, financial, personal, or commercial information.

4. If a Producing Party inadvertently produces any confidential materials without the appropriate designation, the Producing Party may furnish a substitute copy properly designated along with written notice to all parties that such information is deemed Confidential Information. Any receiving party must replace the undesignated original and any and all copies (either in its possession or previously sent to any third parties) with the substitute copy and return the original and any such copies to the Producing Party within fourteen (14) days of receipt of the substitute copy.

5. If any non-party produces discovery materials and does not designate them "Confidential," any party may seek to have such materials so designated if it in good faith believes such designation is necessary, either by requesting that the non-party producing the materials designate such materials "Confidential" or by requesting that the opposing party or parties agree to such designation, or by seeking an order of the Court. No penalty or duty shall be imposed upon a receiving party who has disclosed a document that is subsequently designated by the Producing Party as "Confidential" if the disclosure predates the "Confidential" designation. However, the Producing Party will make reasonable efforts to ensure the return of documents it disclosed prior to such designation being made.

6. Nothing in Paragraph 5, above, or elsewhere in this Protective Order, shall be construed as precluding the right of any party to seek relief from the Court precluding the disclosure of materials received from third parties or requiring that such materials be designated "Confidential" prior to their production. Subject to the express provisions of this Paragraph and Paragraph 5, *supra*, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained through discovery proceedings between the parties in this action which have also been obtained lawfully by a party or witness from an independent source.

7. If any party objects to the designation of any document as "Confidential" the party shall state the objection in writing to counsel for the party or non-party making the designation within fifteen (15) business days of receipt of the document(s) in question. The party or non-party designating the material as Confidential shall then provide a written explanation as to why the material is believed to be Confidential within five (5) business days of receipt of any such objection. If the parties are unable to resolve the objection, any party may move the Court to do so. The materials so designated shall remain Confidential pending resolution of the objection. The party or non-party who designated the discovery material as Confidential shall have the burden of establishing confidentiality.

8. This Protective Order may only be modified in writing, signed by counsel for all parties.

9. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Confidential Information.

10. Confidential Information shall be used by the receiving party solely for the purposes of investigating, preparing for and/or conducting litigation in the Action

and any resulting appellate proceedings and in a manner consistent with this Protective Order.

11. The inadvertent production of privileged information, whether designated "Confidential" or bearing no designation shall not constitute a waiver of any applicable privilege. Any party or non-party receiving produced privileged material must return such material to the Producing Party immediately upon request. Nothing in this paragraph, however, shall be construed as preventing the party to which assertedly privileged information was produced from seeking to reobtain such information by arguing that it is not privileged.

12. The inadvertent production of materials containing SSI shall be returned immediately upon request by Defendant or by the Transportation Security Administration ("TSA"). Nothing in this paragraph, however, shall prevent any party from moving the Court for or petitioning the TSA for the disclosure of these materials.

13. All materials designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such materials to persons or entities other than:

    (a) subject to the provisions of paragraph 20, the Court, persons employed by the Court, the jury, or stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

    (b) the parties to the Action or their authorized agent/representative, or any officer, director or employee of the parties to this Action or of the parties' authorized agent/representative, to the extent necessary for the prosecution or defense of this Action;

(c) counsel to the parties in the Action (including in-house counsel of the parties or their agents/representatives), or such counsel's clerical, paralegal, and secretarial staff;

(d) any subsequently joined party or officer, director or employee of any subsequently joined party, provided that such subsequently joined party signs an undertaking in the form attached hereto as **Exhibit A** agreeing to be bound by the Protective Order;

(e) any person reflected as an author, addressee, or recipient of the materials being disclosed or any person who received the materials in the ordinary course of business;

(f) any non-party trial witness or non-party deposition witness, provided that such witness signs an undertaking in the form attached hereto as **Exhibit A** agreeing to be bound by the Protective Order; and

(g) experts consulted by counsel in connection with these proceedings to allow such experts to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action. Any expert(s) who receives material designated as "Confidential" must sign an undertaking in the form of **Exhibit A** attached agreeing to be bound by the Protective Order.

14. If any party desires to provide Confidential Information or materials to any person(s) not set forth in Paragraphs 13 above, and if the parties cannot resolve the matter consensually, the party requesting disclosure shall make an appropriate application to the Court. Any third party not included in Paragraph 13 above must review and sign **Exhibit A** attached hereto before any material designated as "Confidential" is made available to that person.

15. Nothing herein shall prevent any party from seeking relief from the Court for an order modifying the terms and/or provisions of this Protective Order.

16. If, at any time, any Confidential Information in the possession, custody or control of any person or party other than the person or party who originally produced such Confidential Information is subpoenaed or requested by any court, administrative agency, legislative body, the recipient of the subpoena or request immediately shall promptly notify the designating party in writing and include a copy of the subpoena or court order; promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement; and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected. Such notification shall include a copy of this agreement. The receiving party or recipient of the subpoena or request shall not produce the Confidential Information unless and until the parties resolve the issue or the Court in this Action orders the production of Confidential Information.

17. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. If a party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference or in a motion

18. Any party who intends to file papers containing documents or information designated by an opposing party as "Confidential" or derived from documents or information designated by an opposing party as "Confidential" must comply with any rules governing the filing of papers under seal, absent agreement of the parties regarding such use. Nothing in this Protective Order shall be construed to prohibit a party from objecting to the sealing of such documents, information, or material at the time of the filing or anytime thereafter.

19. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at the trial in the Action. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Information, or a party's subsequent waiver of its own prior designation with respect to its own Confidential Information.

20. The parties may either identify on the record, during the deposition or other pretrial proceeding, all protected testimony, or may so designate such testimony after reviewing the transcript. Any party may, within thirty days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential.

21. Neither the termination of the Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

22. Within sixty (60) days after termination of the Action, all actions stemming from the underlying incident in which Plaintiffs' counsel is a participant, or any appeal therefrom, counsel shall return all Confidential Information and copies to counsel for the producing party or non-party, or in lieu thereof, certify in writing that such Confidential Information has been destroyed. The Court shall retain jurisdiction for all purposes in connection with this paragraph. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product <u>provided that</u> documents designated as Confidential may not be kept by any party under any circumstances, nor may any Confidential Information be disclosed or otherwise used in any other action.

Dated: November 8, 2018

                              HOLLAND & KNIGHT LLP

                              __/s Shelley Hurwitz_____
                              Shelley G. Hurwitz
                              Steven Raffaele
                              Sarah G. Passeri
                              *Attorneys for Defendant*
                              *JetBlue Airways Corporation*

Dated: November 8, 2018

                              FRIEDMAN RUBIN PLLP

                              __/s Rachel Luke_____
                              Rachel Luke
                              Alisa Brodkowitz
                              Rachel Luke
                              *Attorneys for Plaintiffs in the Hill Matter*
                              *and the Bohnel Matter*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority

for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: December 3, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\hill1604.stip.prot.ord

# EXHIBIT A

# CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, hereby acknowledge that: (i) I have read the foregoing Protective Order, dated November __, 2018 (the "Protective Order"), which I am informed has been executed by the attorneys for the parties in the action presently pending in the United States District Court for the Eastern District of California, entitled *Hill, et al. v. JetBlue Airways Corporation,* Case No. 2:17-cv-01604 (the "Action"); (ii) I understand the terms of the Protective Order; (iii) I agree, upon the potential penalty of contempt and other civil remedies under the laws of the United States, to be bound by the terms of the Protective Order and will not reveal Confidential Information to anyone, except as allowed by the Protective Order; (iv) I understand that all Confidential Information and copies thereof shall be maintained in a secure manner and shall be returned no later than sixty (60) days after the termination of this action or any appeal therefrom to the counsel for the party or other person who provided such Confidential Information to me; and (v) I submit my person to the jurisdiction of the United States District Court for the Eastern District of California, for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____   _____
(Signature)

NAME: _____

BUSINESS ADDRESS:

_____