ASHLEY L. SHIVELY (SBN 264912)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, California 94111
Telephone 415.743.6900
Facsimile 415.743.6910
E-mail: ashley.shively@hklaw.com

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HILL, an individual, ARIEL EPSTEIN POLLACK, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation, <br><br>Defendant. | No. 2:17-cv-01604-WBS-DB <br><br>**STIPULATION AND ORDER REGARDING CONDUCTING REMOTE DEPOSITIONS** |
| ERICKA BOHNEL, an individual, ROSA MARTINEZ, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation, <br><br>Defendant. | Case No.: 2:18-cv-00081-WBS-DB |

Pursuant to Federal Rule of Civil Procedure 29(a), the parties agree to the following protocols regarding the taking of depositions in these matters:

**1.     Remote Depositions.**  Given the current health and safety concerns related to COVID-19, in-person depositions shall not be noticed, and the procedures set out herein will apply to all depositions taken in this matter, unless all parties and the deponent agree, or the Court orders otherwise. All depositions shall be conducted using Zoom or equivalent videoconference technology, and each deposition may be videotaped. The party noticing the deposition must indicate in any deposition notice that the deposition may be videotaped in accordance with this Order. This Order shall be attached as Exhibit 1 to any notice of deposition.

Counsel noticing the deposition shall be responsible for retaining a certified court reporter and, if noticed, a videographer, and ensuring that a written transcript and (if noticed) a video record of the deposition is taken. The parties shall bear their own costs and fees in obtaining a transcript or video record of a deposition. Confidentiality designations of all or portions of remote depositions shall be governed by the Protective Order entered in the case.

Remote depositions shall be used to the same extent as in-person depositions at trial or during the litigation of this matter. The fact that a deposition is taken remotely is not a ground for objection or exclusion at trial of the transcript or video recording of that deposition. This does not foreclose other objections a party may have regarding admissibility.

**2.     Videoconferencing Platform Requirements.**  The videoconferencing platform used for deposition must have adequate security measures to ensure the confidentiality of depositions (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition. If the videoconferencing platform has the capability of providing private "breakout rooms" for participants to use when not on the record, the court reporter hosting the proceedings will ensure that private rooms are available to those who request them. Conversations in the breakout rooms shall not be recorded. Any chat features of the platform must either be disabled or available for all participants to see. Any one-on-one features shall be disabled during the deposition

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

proceedings. At the request of the deponent or counsel (made at least 36 hours before the deposition is schedule to start), noticing counsel, defending counsel, the witness, and any necessary vendor, will conduct a test of the platform, equipment and internet connection that will be used for the deposition.

3. **Notice and Login.**  The deposing party will share with counsel for the opposing party and, if different, with counsel for the deponent (or with the witness directly if unrepresented), the name of the court reporting agency and virtual platform to be used at least one week in advance of the deposition.  Login information will be provided to all parties and the deponent, if not represented, no later than one business day prior to the start of the deposition.

4. **Physical Presence with Deponent.**  The deponents will be made available for deposition by video platform.  The only person(s) permitted in the same room as the deponent are the deponent's lawyer(s), in which case the deponent and the deponent's lawyer(s) will each have their own computer with camera, and individual or shared audio feeds via microphone or telephone.  No deponent will be required to be present in the same room as another person if the deponent wishes to be deposed alone.

5. **Conduct of Deponent.**  At the time of the deposition, the deponent must advise the court reporter of his or her physical location. The deponent should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the deponent. While on the record, the deponent will not use any communication device other than those to facilitate the deposition.  While on the record, the deponent will not privately confer with anyone between a question and an answer except for the purpose of determining the existence and questions of privilege.  This provision does not preclude counsel from asserting appropriate objections to any question nor does it govern the conduct of anyone while not on the record.

6. **Contact with the Deponent During a Virtual Deposition.** The attorney-client privilege applies to communications with party-affiliated witnesses. While on the record, however, no one will communicate with the deponent outside of the video/audio stream.  This includes, but is not limited to, instant messaging, text messaging, or any equivalent.  The deponent's counsel may

communicate with the deponent in person, telephonically, or by other electronic means during breaks, consistent with Federal Rule of Civil Procedure 30(c)(l). Counsel shall not coach lay witnesses during breaks.

**7.    Technology Requirements.** All depositions will be stenographically transcribed by a certified court reporter with real-time feed capabilities and may be recorded by a certified videographer.  The deponent, the deponent's lawyer, the questioning attorney, and any objecting attorney must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition and will allow themselves to be seen and heard at all times while on the record.  Counsel participating in a deposition of their own party, party representative, or expert must ensure that the deponent has sufficient technology available to participate in the remote deposition, e.g., a webcam, a suitable microphone, and adequate bandwidth to sustain the remote deposition. In the case of third-party witnesses, counsel noticing the deposition shall be responsible for arranging necessary technology needed for the witness to participate at the deposition.

**8.    Videographer Requirements.** A videographer, if noticed, will record the deponent's deposition testimony by the best technological means available, including remote video. The videographer will record only (1) the audio and video of the deponent's testimony; (2) the video of any documents being displayed or annotated for the deponent during the deposition; (3) the audio of the attorney actively questioning the deponent; and (4) audio of the defending attorney not actively questioning the witness (or any other attorney making an objection on the record).

**9.    Identification of Individuals in Attendance.**  No persons may attend, log in, or listen to the deposition proceedings except counsel and appropriate staff, the parties or party representatives, the deponent and the deponent's counsel, the Transportation Security Administration, the court reporter and videographer, and any technology vendor assisting with the deposition platform. In the event counsel seeks to have an expert, consultant, or intern observe a deposition, counsel shall give three business days' notice to opposing party and the TSA, and expert/consultant/intern attendance at a deposition is subject to written approval by the TSA. Every

person attending the deposition shall be identified on the record at the commencement of the deposition or upon later entry permitted by the court reporter. Persons attending by telephone must identify themselves by name and by telephone number. Under no circumstances may persons attend the deposition virtually in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

10. **Conduct by Participants Appearing Virtually.** In addition to the provisions set forth above, each participant should attend from a quiet location. All attendees other than the deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise. Subject to the notice/approval requirement above in Paragraph 9, to the extent an expert or consultant attends the deposition, he or she will be in attendance to observe only and will not participate in or interfere with the deposition in any way. The expert or consultant will keep his or her video feed on at all times and will not communicate with any witness, either orally or through written or electronic means, while the deposition is in progress. The expert or consultant may communicate with counsel while the deposition is in progress. Unless directed otherwise by the court reporter and/or videographer, all other attendees may turn video off such that their names appear instead of their images (but they may view the video feed of the deposition).

11. **Exhibits.** The noticing party shall make available to the deponent, all counsel attending the deposition, and the court reporter, full and complete copies of all exhibits, either in advance of or during the deposition, as exhibits are introduced. The noticing party may transmit exhibits electronically, via email, file-sharing link, the platform chat feature, or other reasonable means, provided that exhibits shall be accessible such that the deponent and counsel may review the entire exhibit on their own and without reliance on the noticing attorney's "share screen." For the convenience of the deponent and/or court reporter, the noticing party may also elect to provide a hard copy of anticipated exhibits to those individuals in advance of the deposition. The deponent and/or court reporter may share any preference (through counsel, if applicable) for hard copy or electronic exhibits with the noticing party reasonably in advance of the deposition so as to provide time for any mailing. At counsel's election, hard copy exhibits may be sealed until their use is called for during

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

4

STIPULATION REGARDING                CASE NO. 2:17-CV-01604-WBS-DB
CONDUCTING REMOTE DEPOSITIONS        CASE NO. 2:18-CV-00081-WBS-DB

the deposition. Opening the seal of the hard copy exhibit by the deponent or court reporter will be done in a fashion visible to the deposition participants on video. Nothing herein shall require a party to provide, in advance of a remote deposition, hard copy exhibits to counsel for the parties.

The questioning attorney may choose to display relevant portions of exhibits to the deponent via screen share or other reasonable means during the deposition.

**12.    Disruptions.**  In the event the deponent, the deponent's lawyer, or the questioning attorney's video and/or audio feed is interrupted or otherwise becomes hidden from view or unavailable, the deposition will be suspended, and the parties will go back on the record only when that person's video and/or audio functionality has been restored.  Disruptions due to video streaming, audio interruption, or other technical problems shall not be counted against record time or result in waiver of objections by any party.

**13.    Consolidated Discovery.** The parties have stipulated that certain discovery shall be applicable in all three pending matters relating to JetBlue Flight 429.[1] The parties further agree that for depositions taken in multiple cases, the maximum time on the record per deponent, absent further stipulation, shall be seven hours, regardless of the number of cases pending at the time the deposition occurs.

**14.    Court Reporter and Videographer.**  The parties stipulate, in accordance with Federal Rules of Civil Procedure, that the court reporter and videographer (if noticed) may participate in the depositions remotely, and that the depositions will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.  The court reporter will at all times have access to the same interface as the witness.

**15.    Other Recording.**  No participant other than the court-reporting agency and videographer (after appropriate notice) may record by video, photograph, or audio any of the proceedings.  This shall include recording using any form of virtual transmitting device, computer

---

[1] *Ericka Bohnel and Rosa Martinez v. JetBlue Airways Corporation*, E.D. Cal., Case No. 2:18-cv-00081-WBS-DB, ECF Nos. 16, 17; *Michelle Hill and Ariel Pollack v. JetBlue Airways Corporation*, E.D. Cal., Case No. 2:17-cv-01604-WBS-DB, ECF No. 25; and *Rhonda Lynam v. JetBlue Airways Corporation*, N.D. Cal., Case No. 3:17-cv-00404-WHO. This includes all liability and non-medical expert depositions.

recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

This stipulation constitutes the parties' entire agreement on remote deposition protocol and will be in effect unless/until modified in writing by the parties or by Court order.

Dated: April 19, 2021

Respectfully submitted,

/s/ Rachel Min Luke   (as authorized on April 16, 2021)
Rachel Min Luke, *Pro Hac Vice*
FRIEDMAN | RUBIN ®
1109 1st Avenue, Suite 501
Seattle, WA 98101
Tel: (206) 501-4446
Fax: (206) 623-0794
rachel@friedmanrubin.com

Glenn S. Guenard, CA Bar No. 129453
GUENARD & BOZARTH, LLP
8830 Elk Grove Blvd.
Elk Grove, CA 95624
Phone: 916-714-7672
Fax: 916-714-9031
gguenard@gblegal.com

*Attorneys for Plaintiff*

/s/ Ashley L. Shively
Ashley Shively (SBN 264912)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: (415) 743-6900
Tel (415) 743-6910
ashley.shively@hklaw.com

Sarah G. Passeri, *Pro Hac Vice*
Steven Raffaele, *Pro Hac Vice*
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
sarah.passeri@hklaw.com
steven.raffaele@hklaw.com

Gary L. Halbert, *Pro Hac Vice*
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, D.C. 20006
Tel: (202) 469-5150
gary.halbert@hklaw.com

*Attorneys for Defendant*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: April 20, 2021                    /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

7

STIPULATION REGARDING                    CASE NO. 2:17-CV-01604-WBS-DB
CONDUCTING REMOTE DEPOSITIONS            CASE NO. 2:18-CV-00081-WBS-DB