UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HILL, an individual, and ARIEL EPSTEIN POLLACK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation,<br><br>Defendant. | No. 2:17-cv-1604 WBS DB |
| ERICKA BOHNEL, an individual, and ROSA MARTINEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation,<br><br>Defendant. | No. 2:18-cv-0081 WBS DB<br><br>ORDER |

On May 28, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of the parties' joint motions for discovery. Attorney Rachel Luke appeared via Zoom on behalf of the plaintiffs. Attorneys Ashley Shively and Gary Halbert appeared via

1

Zoom on behalf of the defendant. Oral argument was heard and the motions were taken under submission.

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing, IT IS HEREBY ORDERED that:

1. The parties' joint motions for discovery (<u>Hill</u> ECF No. 68 & <u>Bohnel</u> ECF No. 63) are granted in part and denied in part;

2. Within fourteen days of the date of this order defendant shall produce to plaintiffs the ASAP reports at issue;

3. Defendant's request for second depositions of plaintiffs is granted but the second deposition shall be limited to only those matters not addressed in the first deposition;

4. The deadline for the completion of fact and expert discovery is extended to October 4, 2021; and

5. The parties' motions are denied in all other respects without prejudice to renewal.[1]

Dated: June 1, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/hill1604.oah.052821

---

[1] At the May 28, 2021 hearing, the parties' sought further guidance from the undersigned as to "Plaintiffs' Proposed Order re Rule 35 Examinations" on Independent Medical Examinations of the plaintiffs. The parties are advised that, absent an agreement by the parties, the court can only order a Rule 35 examination "on motion for good cause" and which specifies the "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)-(B). Moreover, the Joint Statements raise a number of individual disputes surrounding these examinations—length, method, recording, the presence of a third party, location, etc.—in a cursory manner. To properly resolve such issues more specific and elaborate briefing would be necessary. The same can be said of defendant's arguments concerning plaintiffs' non-compliant written discovery responses concerning the computation of damages.

2