UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HILL, an individual, and ARIEL EPSTEIN POLLACK, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, a Delaware corporation, <br><br> Defendant. | No. 2:17-cv-1604 WBS DB |
| ERICKA BOHNEL, an individual, and ROSA MARTINEZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, a Delaware corporation, <br><br> Defendant. | No. 2:18-cv-0081 WBS DB <br><br> ORDER |

On May 28, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of the parties' joint motions for discovery.  The motions were granted in part and denied in part.  (Hill ECF No. 72; Bohnel ECF No. 68.)  On June 1, 2021, the

1

1   undersigned issued a written order pursuant to the May 28, 2021 hearing, ordering in relevant part
2   that within fourteen days "defendant shall produce to plaintiffs the ASAP reports at issue[.]"
3   (ECF No. 73 at 2.)  On June 11, 2021, defendant filed an "EMERGENCY MOTION" to stay the
4   June 1, 2021 order as well as an ex parte application for an order shortening time to hear the
5   "EMERGENCY MOTION" to stay.  (Hiil ECF Nos. 74 & 75; Bohnel ECF Nos. 69 & 70.)
6   Plaintiffs filed an opposition on June 13, 2021.  (Hill ECF No. 76; Bohnel ECF No. 71.)

7         With respect to defendant's ex parte application for an order shortening time, Local Rule
8   144(e) provides that such an application "shall set forth by affidavit of counsel the circumstances
9   claimed to justify the issuance of an order shortening time."  Analysis of defendant's application
10  finds an absence of any such circumstances, let alone anything that could be characterized as an
11  "EMERGENCY."  In this regard, counsel's affidavit asserts that a hearing on shortened time is
12  justified because the "request for a stay cannot be noticed on the Court's motion calendar
13  pursuant to Local Rule 230 because the Order compels production . . . by June 14, 2021[.]"  (Hill
14  ECF No. 75 at 5[1].)

15        The undersigned's ruling issued on June 1, 2021.  (ECF No. 73.)  The ruling should have
16  come as no surprise to defendant as the written order was consistent with the undersigned's
17  statements at the May 28, 2021 hearing.  Defendant was represented at that hearing by two
18  attorneys, both from a law firm staffed by "more than 1,400 attorneys[.]"  See
19  https://www.hklaw.com/.  Moreover, defendant's filing misconstrues the Local Rules.
20        In this regard, defendant asserts that it intends to file "an objection" to the June 1, 2021
21  order "before the District Judge."  (ECF No. 75 at 3.)  Typically, objections are filed in response
22  to findings and recommendations.  Presumably defendant intends to file a motion for
23  reconsideration before the assigned District Judge.  Such motions are governed by Local Rule
24  303, which specifies that the undersigned's order "shall be final if no reconsideration thereof is
25  sought from the Court within fourteen days" and that the "timing requirements of L.R. 230 have
26  no application to requests for reconsideration under this Rule."  Local Rule 303(a),(e).
27  ////
28

---

[1] ECF citations hereafter are to the docket in Hill.

In this regard, defendant has presented no justification for hearing the motion to stay on shortened time.  As to defendant's motion to stay, it essentially seeks reconsideration from the undersigned of the June 1, 2021 order.  Such a request must be supported by "new or different facts or circumstances[.]" Local Rule 230(j).  In ordering production of the ASAP reports the undersigned's ruling was based on legal research, the parties' briefing, and oral argument.  See generally Raub v. US Airways, Inc., CIVIL ACTION NO. 16-1957, 2017 WL 5015525, at *1 (E.D. Pa. July 6, 2017) ("the objections of US Airways are overruled and the Motion to Compel is GRANTED.  The ASAP Reports requested by plaintiff shall be produced by US Airways to plaintiff's counsel within ten (10) days from the date of this Order"); In re Air Crash Near Clarence Center, N.Y., No. 09-md-2085, 2013 WL 5964480, at *7 (W.D. N.Y. Nov. 8, 2013) ("this Court finds that the ASAP reports in Plaintiffs' Request 12 are not privileged and must be produced"); In re Air Crash at Lexington, Kentucky, August 27, 2006, 545 F.Supp.2d 618, 620 (E.D. Ky. 2008) (adopting MJ's order "that there was no statutory or regulatory privilege protecting the ASAP reports from discovery in litigation").

As noted at the May 28, 2021 hearing, defendant's argument in opposition relied on In re Air Crash Near Cali, Colombia on Dec. 20, 1995, 959 F. Supp. 1529 (S.D. Fla. 1997), which found "a limited common law privilege for the ASAP materials." Id. at 1533.  However, "[t]he Cali decision is the only federal court decision to recognize a privilege for ASAP Reports." Raub, 2017 WL 5015525, at *1.  And "federal courts have not followed Cali[.]" Clarence, 2013 WL 5964480, at *6.  Defendant's motion to stay presents no new or different argument or circumstances in opposition to producing the ASAP reports.  To the contrary, defendant again relies on Cali.  (ECF No. 74 at 5.)

In short, on June 1, 2021, the undersigned issued an order.  (ECF No. 73.)  Defendant had ample time and resources to present a motion for reconsideration to either the undersigned or the assigned District Judge.  In doing so, defendant would have had to articulate either new facts or circumstances or explained why the undersigned's ruling was "clearly erroneous or contrary to law[.]" Local Rule 303(e).  Defendant did neither.  Instead, defendant waited 10 days to file motions—on Friday June 11, 2021, at 7:16 p.m—not seeking reconsideration but to simply

further delay production.  Defendant's motions fail to justify an order shortening time for hearing or to stay the June 1, 2021 order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's June 11, 2021 motion to stay is denied; and
2. Defendant's June 11, 2021 ex parte application for an order shortening time is denied.

Dated:  June 14, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/hill1604.stay.den.ord